**Application of KEEBLER COMPANY.**

**Patent Appeal No. 8966.**

United States Court of Customs and Patent Appeals.

June 14, 1973.

A. W. Molinare, Chicago, Ill. (Molinare, Allegretti, Newitt & Witcoff, Chicago, Ill.,) attorneys of record, for appellant. Robert C. Williams, Chicago, Ill., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. John W. Dewhirst, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges and ALMOND, Senior Judge.

LANE, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, abstracted at 168 USPQ 608 (1970), sustaining the examiner's refusal to register RICH 'N CHIPS for "cookies." [1] The specimen filed by appellant shows the use of the mark on a package of chocolate chip cookies, and it was the examiner's position that the mark is merely descriptive of that product within the meaning of section 2(e) (1) of the Lanham Act, 15 U.S.C. § 1052 (e)(1), "because it indicates that there is an abundant supply of chips * * * [therein]." Appellant argued that the words "rich" and "chips" have many meanings in addition to those which would lead one to read RICH 'N CHIPS as though it said "abundant in chocolate chips." However, the board held:

> [W]e consider what the entire phrase would be representative of in the market place where the purchaser is likely to consider the purchase of applicant's chocolate chip cookies. [Citation omitted.] In this environment, it is believed that the designation "RICH 'N CHIPS", as applied to chocolate chip cookies, would merely inform the buyer of the nature and quality of the goods and not the source thereof. It is not unusual for manufacturers to extol their products to indicate better quality or value over like products produced by competitors. Language which merely describes these attributes should be free for all to use.

The board agreed with the examiner's conclusion that the mark is merely descriptive, and we affirm the board's decision.

■■ Appellant contends that where the average purchaser has to mentally sort through various meanings of the words which comprise the trademark to arrive at that meaning which is descriptive of the goods to which the mark applies, the mark cannot be considered merely descriptive in the sense of § 2(e). Such a proposition cannot be held to be either universally true or universally false. Where the descriptive meaning of a phrase derives from obscure or less prominent individual word meanings, a conclusion of mere descriptiveness may well be untenable. The board properly approached the analysis in the present case by viewing the mark in its entirety in conjunction with the goods it has been used to identify and attempting to assess the impression likely to be conveyed.

■ We agree that as applied to chocolate chip cookies, the phrase RICH 'N CHIPS plainly conveys the impression that the cookies are abundant in the chips which they contain, i. e. chocolate chips. The phrase therefore de-

1. Application Serial No. 309,177 filed October 8, 1968.

scribes to the consumer a purported quality of the product which would tend to entice the purchase of the product. As such, we agree that the phrase would not inherently serve to distinguish appellant's goods from similar goods of others, but rather would be recognized as connoting a common quality which all such goods could be asserted to have. There is no evidence of second-ary meaning within the purview of § 2(f) which would rebut these conclusions. Accordingly, we find no error in the refusal to register RICH 'N CHIPS on the ground of mere descriptiveness.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

BALDWIN, J., dissents.